IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
JUN 24 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.                                        CRIMINAL NO. 2:13cr70

KASSIAN MARITIME NAVIGATION
AGENCY, LTD., et al.,

**Defendants.**

### MEMORANDUM ORDER

This matter is before the Court on defendant Kassian Maritime Navigation Agency, Ltd.'s ("Kassian") "Motion for Leave to Enter Limited and Special Appearances on Behalf of Kassian Maritime Navigation Agency, Ltd. and to Dismiss the Criminal Indictment." ECF No. 24.

I.

The first matter before the Court is Kassian's motion to enter a limited and special appearance to contest this Court's exercise of personal jurisdiction. Kassian asserts that it is a foreign corporation which maintains its only office in Greece, and further asserts that it has taken no actions that would subject it to this Court's personal jurisdiction. The Court **GRANTS** Kassian's motion to enter a limited and special appearance in order to challenge the Court's jurisdiction. See United States v. Kolon Indus., Inc., -- F. Supp. 2d --, 2013 U.S. Dist. LEXIS 24770, at *2-3 (E.D. Va. Feb. 22, 2013) (noting

court entered order "granting the motions for leave to enter a special appearance"); United States v. Dotcom, Case No. 1:12cr3, ECF No. 111 (E.D. Va. June 28, 2012) (granting motion for leave to enter limited and special appearance to contest personal jurisdiction); United States v. Tucor, 35 F. Supp.2d 1172, 1176 (N.D. Cal. 1998) (granting motion for leave to make special appearance to file motion to dismiss indictment).

II.

The second matter before the Court is Kassian's motion to dismiss the indictment. For the reasons that follow, the Court **DENIES** Kassian's motion to dismiss the indictment.

On or about April 14, 2013, the Motor Vessel (M/V) ANTONIS G. PAPPADAKIS ("PAPPADAKIS") docked at the Norfolk Southern Coal Terminal in Norfolk, Virginia. Since on or about April 16, 2013, the United States Coast Guard ("Coast Guard") has detained the PAPPADAKIS on the suspicion that one or more crew members failed to comply with the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901, et seq. The PAPPADAKIS is owned by Angelex, Ltd. ("Angelex"). Kassian is a ship management company under contract with Angelex to perform ship management functions for the PAPPADAKIS. Lambros Katsipis ("Katsipis") was the Chief Engineer on the PAPPADAKIS at the time it was detained by the Coast Guard.

On May 22, 2013, the grand jury of this Court returned an eight (8) count indictment against Kassian, Angelex, and Katsipis, alleging various criminal violations. The indictment alleges that Kassian's criminal violations arise out of Kassian's role as the ship management company for co-defendant Angelex. The Government alleged that Kassian entered into a conspiracy to knowingly violate federal law, and did in fact commit various federal criminal violations involving the APPS. A necessary element of each count of the indictment is that Kassian was the entity engaging in the criminal activity alleged. Kassian disputes that it, directly or through any agent, engaged in the charged criminal activity, and asks the Court to dismiss the indictment based upon documentary evidence submitted to the Court showing that it took no actions inside or outside the United States that would subject it to personal jurisdiction in this case, and that it cannot be subject to personal jurisdiction based on actions of others. The Government asserts, among other things, that a Rule 12 motion is not an appropriate method of raising such a factual defense. The Court agrees.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Generally, however, a

Rule 12 pretrial motion "is not the proper method of raising a defense or objection that will require a trial on the merits." 1A Wright & Liepold, Federal Practice and Procedure: Criminal 4th § 191 (citing United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010)). Indeed, "[i]f contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." Pope, 613 F.3d at 1259; see United States v. Terry, 257 F.3d 366, 371-73, n.3 (4th Cir. 2001) (King, J., concurring) (noting that "the Government's proof with respect to jurisdictional elements is subject to evaluation by the trial court solely in connection with a motion for judgment of acquittal made 'after the evidence on either side is closed,' as specified by Rule 29 of the Federal Rules of Criminal Procedure," and further noting possibility Government might waive right to object to consideration of such motion).

Because a pretrial Rule 12(b) motion is permissible only when it involves a pure question of law rather than fact, or perhaps where the Government waives its right to object to such pretrial motion, a Rule 12(b) motion cannot be used as a summary judgment mechanism. United States v. Shabbir, 64 F. Supp. 2d 479, 481 (D. Md. 1999) (noting that court cannot grant pretrial motion to dismiss if legal contentions are inextricably bound up with the facts of the case). Here, Kassian challenges the

4

Government's factual assertions and how such facts impact the elements of the offenses. Therefore, the motion to dismiss does not present a pure issue of law for decision by the Court. Moreover, the Government has not waived its right to object to pretrial consideration of the motion to dismiss. Accordingly, the contested issues presented in the motion to dismiss must be decided at trial.

For the reasons set forth above, Kassian's motion to enter a limited and special appearance in order to challenge the Court's jurisdiction is **GRANTED** and Kassian's motion to dismiss the indictment is **DENIED**. Counsel are DIRECTED to contact the Court to schedule a trial date.

It is so ORDERED.

/s/ MSD
_____
Mark S. Davis
United States District Judge

Norfolk, Virginia
June 24, 2013